AARON M. CLEFTON (SBN 318680)
CLEFTON DISABILITY LAW
2601 Blanding Ave. Ste C
#336
Alameda, CA 94501
Telephone:  510/832-5001
info@cleftonlaw.com

IRAKLI KARBELASHVILI, Esq. (SBN 302971)
ALL ACCESS LAW GROUP
1400 Coleman Ave Ste F28
Santa Clara, CA 95050
Telephone: (408) 295-0137
Fax: (408) 295-0142
irakli@allaccesslawgroup.com

Attorneys for Plaintiff JAMES ALGER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ALGER,<br><br>                    Plaintiff,<br><br>          vs.<br><br>AIMBRIDGE HOSPITALITY LLC;<br>LEVINE INVESTMENTS LIMITED<br>PARTNERSHIP, AN ARIZONA<br>LIMITED PARTNERSHIP;<br>W2005/FARGO HOTELS (POOL C)<br>REALTY, L.P., A DELAWARE LIMITED<br>PARTNERSHIP; CNI THL OPS, LLC, A<br>DELAWARE LIMITED LIABILITY<br>COMPANY,<br><br>                    Defendants | **Case No.** 25-cv-7497<br><br>*Civil Rights*<br><br>**COMPLAINT FOR INJUNCTIVE<br>AND DECLARATORY RELIEF AND<br>DAMAGES**<br><br>**DEMAND FOR JURY TRIAL** |

1   JAMES ALGER ("Plaintiff") complains of AIMBRIDGE HOSPITALITY LLC;

2   LEVINE INVESTMENTS LIMITED PARTNERSHIP, AN ARIZONA LIMITED

3   PARTNERSHIP; W2005/FARGO HOTELS (POOL C) REALTY, L.P., A DELAWARE

4   LIMITED PARTNERSHIP; CNI THL OPS, LLC, A DELAWARE LIMITED LIABILITY

5   COMPANY ("Defendants") as follows:

6   **INTRODUCTION**

7   1.    This is a civil rights action arising from the denial of accessible facilities to individuals

8   with disabilities at the property known as the Residence Inn by Marriott San Jose South/Morgan

9   Hill, located at 18620 Madrone Parkway, Morgan Hill, CA 95037 ("Residence Inn").

10   Specifically, Defendants failed to provide Plaintiff, an individual with a disability who uses a

11   wheelchair or scooter ("Wheelchair") for mobility with access to the swimming pool (the

12   "Aquatic Facilities") and to an accessible check-in counter.

13   2.    Defendants' lack of accessible facilities denies "full and equal" access required by Title

14   III of the Americans with Disabilities Act of 1990 and related California civil rights laws. As a

15   result, Plaintiff has been denied full and equal access to the Residence Inn and has been

16   embarrassed and humiliated. Plaintiff seeks injunctive relief under the Americans with

17   Disabilities Act of 1990 ("ADA") and the Unruh Civil Rights Act ("Unruh Act") for full and

18   equal access, in addition to damages under the Unruh Act. Plaintiff also seeks declaratory relief

19   and recovery of reasonable statutory attorney fees, litigation expenses, and costs under federal

20   and state law.

21   **JURISDICTION AND VENUE**

22   3.    This Court has subject-matter jurisdiction of this action under 28 U.S.C. § 1331 for

23   violations of the ADA, 42 U.S.C. §§ 12101 *et seq*. Under supplemental jurisdiction, attendant,

24   and related causes of action, arising from the same facts, are also brought under California law,

25   including, but not limited to, violations of the Unruh Act.

26   4.    Venue is proper in this court under 28 U.S.C. § 1391(b) and is founded on the fact that

27   the real property that is the subject of this action is in this District and that Plaintiff's causes of

1   action arose in this District.

2   5.    <u>Intradistrict Assignment:</u> This case should be assigned to the San Jose intradistrict as the

3   real property which is the subject of this action is in this intradistrict and Plaintiff's causes of

4   action arose in this intradistrict.

5                                                    **PARTIES**

6   6.    Plaintiff is, and at all relevant times was, a qualified individual with a physical disability,

7   as defined by applicable state and federal law. Plaintiff is best described as a functioning

8   quadriplegic,[1] experiencing significant impairments in both his upper and lower extremities,

9   including reduced strength, limited range of motion, and impaired motor coordination affecting

10  both gross and fine motor function. These impairments stem from a severe degenerative

11  neurological condition, the progression of which was notably accelerated by a work-related back

12  injury. In addition to functional limitations, Plaintiff also endures chronic and often severe pain

13  caused by the underlying neurological disorder as well as the long-term consequences of the

14  back injury.

15  7.    The combined effects of these conditions substantially restrict his ability to walk, stand,

16  lift, grasp, and perform many routine tasks of daily living without assistance. As the condition

17  has progressed, it has also begun to affect Plaintiff's respiratory muscles, compromising his

18  ability to breathe effectively–particularly when lying down. As a result, Plaintiff now relies on a

19  non-invasive ventilator to assist with respiration, most often while reclining or sleeping.

20  8.    Although some of these impairments may not be readily apparent to a casual observer,

21  they significantly impact Plaintiff's ability to function independently and safely in public settings

22

23  _____
    [1] The term "functioning quadriplegic" is used here to more clearly illustrate the severity and
24  scope of Plaintiff's physical impairments. While Plaintiff retains partial use of both his upper and
    lower limbs–such as limited standing ability with maximum assistance and brief ambulation
25  under highly supported conditions–his mobility, strength, coordination, and range of motion are
    significantly impaired in all four limbs. This terminology is not intended to mislead or
26  exaggerate, but rather to provide the Court with a more accurate understanding of the extent of
    his disability, which is medically complex, progressive, and not easily conveyed by standard
27  classifications alone.

                  COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES
                                                         3

without appropriate support. He maintains a degree of independence only through the daily use of assistive mobility technology and adaptive transportation. Plaintiff relies on a Wheelchair for most mobility needs and operates a specially equipped vehicle utilizing hand controls. He has continuously held a permanent disabled parking placard issued by the State of California since approximately 1994.

9.      Defendants are, and at all relevant times were, the owners, operators, lessors, and/or lessees of the subject business, property, and buildings at all times relevant to this Complaint.

10.     Defendants did not make the necessary accommodations to ensure that their facilities, products, and services were accessible to Plaintiff and others with physical disabilities. This non-compliance with federal and State laws on accessibility has directly led to the violations, continuing issues, and harms suffered by Plaintiff, as detailed in this complaint.

11.     Plaintiff is informed and believes, and on such information alleges, that at all times mentioned here, Defendants, and each of them, were the agents, servants, employees, and representatives of each of the other Defendants, and performed all acts and omissions stated here within the scope of such agency or employment or representative capacity, and/or as part of a joint venture and common enterprise with one or more of the other Defendants, and are responsible in some manner for the acts and omissions of the other Defendants in proximately causing the damages complained of here.  All actions alleged here were done with the knowledge, consent, approval, and ratification of each of the Defendants here, including their managing agents, owners, and representatives.

## **FACTUAL ALLEGATIONS**

12.     Defendants have discriminated against Plaintiff by failing to ensure that the facilities and policies at the Residence Inn comply with the mandates of the ADA and California law. Defendants have neglected and refused to provide full and equal access to the services, privileges, benefits, and advantages available to individuals without disabilities at the Residence Inn.

13.     The Residence Inn and its facilities, including, but not limited to, its entrances/exits,

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES
4

parking, interior paths of travel, transaction counters, rooms, restrooms, pool, and Jacuzzi are each a "public accommodation" and part of a "business establishment," subject to the requirements of § 301(7) of the ADA (42 U.S.C. § 12181(7) and of California Civil Code §§ 51 *et seq.*

14.    On information and belief, the Residence Inn and its facilities have, since January 26, 1993, undergone construction, alterations, structural repairs, and/or additions, subjecting the facility to disabled access requirements of § 303 of the ADA (42 U.S.C. § 12183). Such facilities constructed or altered since 1982 are also subject to "Title 24," the California State Architect's Regulations. Irrespective of the Residence Inn's construction and alteration history, removal of the access barriers at the subject premises are subject to the "readily achievable" barrier removal requirements of Title III of the ADA.

15.    Plaintiff maintains memberships in several hotel rewards programs and for a multitude of reasons regularly stays at hotels, averaging well over 75 nights per year over the last eight years.[2] Plaintiff has been a Marriott loyalty member for over 25 years, beginning with the Marriott rewards program and continuing through its transition to Marriott Bonvoy in 2019. During this continuous span he has achieved lifetime platinum elite status, the highest lifetime tier available. He is now in his 10th consecutive year at titanium elite, the programs penultimate level and has completed more than 1500 stays at Marriott branded hotels alone-demonstrating a consistent, long-standing pattern of patronage that spans decades.

16.    Plaintiff places significant importance on hotels that offer Aquatic Facilities, as they are crucial for his exercise and in managing and attempting to reduce the progression of his disability. Consequently, when selecting a hotel, the availability of Aquatic Facilities is a primary factor for Plaintiff. Other factors include but are not limited to, the cost of the stay, the proximity to electric vehicle charging stations, and the hotel's location in relation to his travel plans.

---

[2] For clarity when averaging total stays over the last eight years it comes out to 178 stays per year at Marriott alone. His current average is above 75 stays per year.

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

5

17.    Plaintiff relies on water exercises in an attempt to preserve his muscle function and range of motion, making access to hotels Aquatic Facilities essential for both his health and pleasure. However, due to his disabilities, Plaintiff requires an accessible pool/Jacuzzi lift to safely enter and exit. Since the ADA is 2010 standards for accessible design made independently operable pool and Jacuzzi lifts mandatory, Plaintiff has repeatedly found that many hotels often lack such lifts, had lifts that were not independently usable, or had lifts that were not functional at all.. As his condition has progressed, and thus his reliance on hotels being accessible increased, the lack of accessibility has become an ever-increasing source of frustration to Plaintiff.

18.    On the return journey from the Tesla Takeover event at the San Mateo County Event Center, Plaintiff stopped at the Residence Inn for an overnight stay on Saturday evening, July 26, 2025. The plan was to rest and relax before visiting the Monterey Bay Aquarium the next day, Sunday morning, July 27, 2025, where he is an annual member and visits frequently.

19.    As a Titanium member of Marriott Bonvoy, Plaintiff use the app for reservations. The app does not usually allow direct booking of accessible rooms, but his profile preferences indicate the need for an accessible room, which informs the local hotel upon reservation pull-up.

20.    Upon arrival, the check-in counter was too high for Plaintiff to reach from his mobility scooter. It had a sign directing to ring a bell for the front desk clerk, who was in the back. The bell was located on top of the counter. To the right, there appeared to be an accessible lowered section of the counter, but it was blocked by a drink dispenser and cups:

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27



21.    Even if unblocked, there was no point-of-sale reader for credit cards on that side, forcing use of the higher counter or assistance from a third party.

22.    When the desk clerk appeared, Plaintiff was informed that no accessible rooms were available. Plaintiff was not contacted in advance about this, which would have allowed him to decide whether to proceed or change locations. Tired after the day at the Tesla event, with his back hurting, and looking forward to relaxing in the Jacuzzi, Plaintiff accepted the available inaccessible studio room (Room 318), which is generally large. This meant he could not take a shower, a compromise often required due to his disability.

23.    After check-in, Plaintiff went to the indoor pool and Jacuzzi, only to find that neither the pool lift nor the Jacuzzi lift was functioning:



COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES
8

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22



23    24.    Plaintiff texted the front desk via the Bonvoy app. After a brief delay, they promised to

24    contact maintenance. Following another delay, Plaintiff was told they did not have a spare

25    battery. When Plaintiff inquired whether there was only one battery available for two lifts, staff

26    eventually confirmed that this was the case.

27



25.    This situation was both frustrating and emblematic of an industry-wide problem that Plaintiff has encountered for many years. Deeply frustrated, Plaintiff retired to bed. The following morning, still unable to take a shower and disheartened by the experience, Plaintiff left the hotel.

26.    Before initiating this action, an expert retained by counsel as part of Rule 11 due diligence conducted a pre-filing inspection of the subject premises. While the expert was not able to take detailed measurements of every area, the inspection confirmed that the barriers personally encountered by Plaintiff remained in place and also identified additional barriers. Each of the barriers summarize below directly relates to Plaintiff's disability and his ability to access and use the facilities;

- At main entrance automatic door, no high low actuator at the interior
- Reception counter lower service is used as water display and not a pos service counter

    Room 119 ADA tub

  - Door pressure at 12 lbs
  - Security latch over 48" at 59 ½"
  - Peep hole over 48" at 48 ¾"
  - No knee space under sink due to garbage disposal
  - Reach ranges for garbage disposal at 25 ½" deep
  - Reach range for electrical socket at 26 ½" deep by burner
  - Passage around bed at 28" (32" min)
  - Lift space under bed is over 12" from edge of bed
  - Reach ranges for the iron at 64" (max 48")
  - Sink clear space at 28" high, min is 29"
  - Sink towels at 52" high
  - Center of toilet at 18.5"
  - Tub drain require twisting
  - No bathtub seat

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

11

- No counter seating at kitchen counter, 11" deep (needs to be 19")

- Guest laundry door pressure at 10 lbs

- Guest laundry door closes at 3.5 seconds

ADA parking left

- "NO PARKING" on access aisle is faded

- Slope at lower end of ADA stall at 2.6%

ADA parking right

- "NO PARKING" on access aisle is faded

Aquatic Facilities

- Pool door clear space is blocked at pull side

- Pool door over 5 lbs pressure

- Pool lift is not operational (no battery)

- Pool lift does not have restraints

- Jacuzzi lift is not operational (even with a battery)

- Jacuzzi lift does not have restraints

- Aquatic facilities restroom stall door is not self-closing

- Aquatic facilities restroom stall door does not have a handle

- Aquatic facilities restroom door fast closing at 3 seconds

27.     These barriers to access are listed without prejudice to Plaintiff citing additional barriers to access after inspection by Plaintiff's access consultant, per the 9th Circuit's standing standards under *Doran v. 7-Eleven, Inc.* 524 F.3d 1034 (9th Cir. 2008), *Chapman v. Pier One Imports (USA), Inc.,* 631 F.3d 939 (9th Cir. 2011).

28.     Plaintiff remains deterred from staying at Residence Inn as long as it remains inaccessible to him. If access is provided, Plaintiff would return.

29.     Plaintiff alleges that it would be a futile gesture to provide notices of violations relating to his continued or attempted visits, which are certain to occur regularly following the filing of this Complaint. Therefore, Plaintiff will seek to supplement this Complaint at the time of trial as

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

1   to subsequent events, according to proof.

2   30.    Defendants were aware or reasonably should have been aware, that certain aspects of

3   their establishment and their policies made the Residence Inn inaccessible, constituting a

4   violation of state and federal laws and hindering or denying access to individuals with mobility

5   impairments. Based on available information, it is believed that Defendants possess the

6   necessary financial means to eliminate these obstacles and make the Residence Inn accessible to

7   people with physical disabilities. But Defendants have not taken action to remove these barriers

8   or to ensure full and equal access to the facility.

9   31.    Because of Defendants' conduct, including their omissions and their failure to ensure

10  access for the disabled, Plaintiff has experienced a violation of his civil rights, emotional

11  distress, and infringement of his right to full and equal enjoyment of public facilities, resulting in

12  general, special, and statutory damages. Each instance of denied access has subjected Plaintiff to

13  difficulties, discomfort, and humiliation. Plaintiff has thus had to seek legal counsel and is now

14  claiming statutory attorney's fees, litigation expenses, and costs, as provided for under federal

15  and state law.

16  32.    Plaintiff's goal in this suit is a positive one: to make the Residence Inn fully accessible to

17  persons with similar mobility disabilities.

18  **FIRST CLAIM:**

19  **VIOLATION OF THE ADA, TITLE III**

20  **[42 U.S.C. §§ 12101 et seq.]**

21  33.    Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the

22  allegations contained in all paragraphs of this Complaint and incorporates them here as if

23  separately repled.

24  34.    Plaintiff was at all times relevant here a qualified individual with a disability as defined

25  by the ADA, as he has impairments that substantially limit one or more major life activities.

26  35.    Plaintiff has reasonable grounds for believing he will be subjected to discrimination each

27  time he may attempt to access and use the subject facilities.

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

13

36.     The subject property and facility are among the "private entities," which are considered "public accommodations" for purposes of Title III of the ADA. 42 U.S.C. § 12181(7).

37.     The acts and omissions of Defendants set forth here were in violation of Plaintiff's rights under the ADA and the regulations promulgated under it, 28 C.F.R. Part 36, *et seq.* For example, Section 242.2 of the 2010 ADA Standards for Accessible Designs provides "242.2 Swimming Pools. At least two accessible means of entry shall be provided for swimming pools. Accessible means of entry shall be swimming pool lifts complying with 1009.2; sloped entries complying with 1009.3." Defendants have violated this regulation.

38.     Plaintiff alleges on information and belief that Residence Inn was designed and constructed (or both) after January 26, 1993 -- independently triggering access requirements under Title III of the ADA. Upon information an belief, which is based on publicly available documents, the Residence Inn was built for first occupancy around 2001.

39.     Here, Defendants violated the ADA by designing or constructing (or both) Residence Inn in a manner that did not comply with federal and state disability access standards even though it was practicable to do so.

40.      The removal of each of the barriers complained of by Plaintiff were at all times here mentioned "readily achievable" under the standards §§12181 and 12182 of the ADA.

41.     As noted throughout this Complaint, the removal of each of the architectural barriers complained of here was also required under California law.

42.     Defendants have discriminated against Plaintiff in violation of Title III of the ADA by: (a) providing benefits that are unequal to that afforded to people without disabilities; (b) failing to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford (and would not fundamentally alter the nature of) the goods, services, facilities, privileges, advantages, or accommodations of the Residence Inn to individuals with disabilities; (c) failing to remove architectural barriers in existing facilities where such removal is readily achievable; and (d) where Defendants can demonstrate the removal of architectural barriers is not readily achievable, failing to make the goods, services, facilities, privileges,

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES
14

advantages, or accommodations of the Residence Inn available through alternative methods if such methods are readily achievable. On information and belief, as of the date of Plaintiff's most recent visit to the Residence Inn and as of the filing of this Complaint, the subject premises have denied and continue to deny full and equal access to Plaintiff and to other similarly mobility disabled persons in other respects, which violate Plaintiff's rights to full and equal access and which discriminate against him on the basis of his disability, thus wrongfully denying him the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations, in violation of §§ 12182 and 12183 of the ADA. The ability to benefit from a an accessible counter and use the Aquatic Facilities is a fundamental necessity. Without this ability, Plaintiff is unable to available himself of the goods and services offered at the Residence Inn on a full and equal basis. Therefore, the benefits of creating access, including, but not limited to, providing access to the Aquatic Facilities does not exceed the costs of readily achievable barrier removal. These costs are fundamental to doing business, like any other essential function of operating a public accommodation. It is thus readily achievable to remove these barriers. Furthermore, these are the types of barriers identified by the Department of Justice as presumably readily achievable to remove, and, in fact, these barriers are readily achievable to remove.

43.     Under the ADA, 42 U.S.C. 12188 *et seq.,* Plaintiff is entitled to the remedies and procedures set forth in § 204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as he is being subjected to discrimination based on disability in violation of the ADA or has reasonable grounds for believing that he is about to be subjected to discrimination.

44.     Plaintiff seeks relief under remedies set forth in § 204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), and under Federal Regulations adopted.

WHEREFORE, Plaintiff requests relief as outlined below.

## SECOND CLAIM:

## VIOLATION OF THE UNRUH CIVIL RIGHTS ACT

## [Cal. Civil Code §§ 51 et seq.]

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

45.     Plaintiff repleads and incorporates by reference, as if fully set forth again here, the allegations contained in all paragraphs of this Complaint and incorporates them here by reference as if separately repled hereafter.

46.     Residence Inn is a business establishment within the meaning of the Unruh Act.

47.     Defendants are the owners and/or operators of a business establishment.

48.     Defendants violated the Unruh Act by their acts and omissions:

      a.  Failure to construct or alter the Residence Inn in compliance with state building code and state architectural requirements;

      b.  Failure to remove known barriers to access at the Residence Inn;

      c.  Failure to modify policies and procedures as necessary to ensure Plaintiff full and equal access to the accommodations, advantages, facilities, privileges, or services of the Residence Inn; and

      d.  Violation of the ADA, a violation of which is a violation of the Unruh Act. Cal. Civil Code § 51(f).

49.     Plaintiff has experienced barriers to access at the Residence Inn, all of which have caused him major difficulty, discomfort, and embarrassment. Plaintiff suffered mental and emotional damages, including statutory and compensatory damages, according to proof.

50.     On information and belief, the Residence Inn is also illegally inaccessible in multiple other respects. As noted above, the barriers to access described in this Complaint are listed without prejudice to Plaintiff citing additional barriers to access after inspection by Plaintiff's access consultant(s)/expert(s).

51.     These barriers to access render the Residence Inn inaccessible to and unusable by persons with mobility disabilities. All facilities must be brought into compliance with all applicable federal and state code requirements, according to proof. Plaintiff prays for leave to amend this Complaint, if necessary, to obtain full injunctive relief as to barriers that limit or deny full and equal access to persons with similar mobility disabilities.

52.     Each violation of the ADA constitutes a separate violation of California Civil Code §

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

51(f), thus independently justifying an award of damages and injunctive relief under California law, including, but not limited to, Civil Code § 52(a).

53.     As for Defendants' violations of the Unruh Act that are not predicated on violations of the ADA, Defendants' behavior was intentional: they were aware of or were made aware of their duties to remove barriers that prevent persons with mobility disabilities like Plaintiff from obtaining full and equal access to the Residence Inn. Defendants' discriminatory practices and policies that deny full enjoyment of Residence Inn to persons with physical disabilities reveal actual and implied malice and conscious disregard for the rights of Plaintiff and other similarly disabled individuals. Defendants have thus engaged in willful affirmative misconduct in violating the Unruh Act.

54.     On information and belief, the access features of the Residence Inn have not been improved since Plaintiff's visits there. Plaintiff's injuries are ongoing so long as Defendants do not modify their policies and procedures and provide fully accessible facilities for Plaintiff and other persons with similar mobility disabilities.

55.     At all times mentioned, Defendants knew, or in the exercise of reasonable diligence should have known, that his barriers, policies and practices at its facilities violated disabled access requirements and standards and had a discriminatory impact upon Plaintiff and upon other persons with similar mobility disabilities, but Defendants failed to rectify the violations, and presently continues a course of conduct in maintaining barriers that discriminate against Plaintiff and similarly situated disabled persons.

         WHEREFORE, Plaintiff requests relief as outlined below.

                                    **PRAYER FOR RELIEF:**

1.      Plaintiff has no adequate remedy at law to redress the wrongs suffered as explained in this Complaint. Plaintiff has suffered and will continue to suffer irreparable injury because of the unlawful acts, omissions, policies, and practices of Defendants as alleged here, unless Plaintiff is granted the relief he requests. Plaintiff and Defendants have an actual controversy and opposing legal positions as to Defendants' violations of the laws of the United States and the State of

California. The need for relief is critical because the rights at issue are paramount under the laws of the United States and the State of California.

2.      Plaintiff requests a declaratory judgment that Defendants' actions, omissions, and failures—including but limited to: failing to remove known architectural barriers at the Residence Inn to make it "accessible to and useable by" mobility disabled persons; failing to construct and/or alter the Residence Inn in compliance with federal access standards, state building code, and state architectural requirements; and failing to make reasonable modifications in policy and practice for Plaintiff and other persons with similar mobility disabilities.

3.      Plaintiff requests that the Court issue an order enjoining Defendants, their agents, officials, employees, and all persons and entities acting in concert with them:

      a.   From continuing the unlawful acts, conditions, and practices described in this Complaint;

      b.    To provide reasonable accommodation for persons with disabilities in all its programs, services, and activities at Residence Inn;

      c.   To ensure that persons with disabilities are not denied the benefits of, or participation in, programs, services, and activities at the Facilities;

      d.   To modify the above-described facilities to provide full and equal access to persons with mobility disabilities, including, without limitation, the removal of all barriers to access where "readily achievable;"

      e.   To maintain such accessible facilities once they are provided;

      f.   To train Defendants' employees and agents in how to accommodate the rights and needs of physically disabled persons at the Facilities; and

      g.   To implement nondiscriminatory protocols, policies, and practices for accommodating persons with mobility disabilities at the Facilities.

4.      Plaintiff requests that the Court retain jurisdiction over Defendants until the Court is satisfied that Defendants' unlawful policies, practices, acts and omissions, and maintenance of inaccessible public facilities as complained of here no longer occur, and cannot recur;

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

5.      Plaintiff requests all appropriate damages, including, but not limited to, statutory, compensatory, and treble damages in an amount within the jurisdiction of the Court, all according to proof;

6.      Plaintiff requests all reasonable statutory attorney fees, litigation expenses, and costs of this proceeding as provided by law, including, but not limited to, the ADA, 42 U.S.C. § 12205; the Unruh Act, California Civil Code § 52; and "public interest" attorney fees, litigation expenses and costs under California Code of Civil Procedure § 1021.5.

7.      Plaintiff requests prejudgment interest under California Civil Code § 3291;

8.      Plaintiff requests interest on monetary awards as permitted by law; and

9.      Plaintiff requests any other relief that this Court may deem just and proper.

Date: September 4, 2025                          CLEFTON DISABILITY LAW
                                                 ALLACCESS LAW GROUP


                                                 ___/s/ Irakli Karbelashvili___
                                                 By IRAKLI KARBELASHVILI, Esq.
                                                 Attorney for Plaintiff
                                                 JAMES ALGER

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

**JURY DEMAND**

Plaintiff demands a trial by jury for all claims for which a jury is permitted.

Date: September 4, 2025                          CLEFTON DISABILITY LAW
                                                 ALLACCESS LAW GROUP


                                                 ___/s/ Irakli Karbelashvili___
                                                 By IRAKLI KARBELASHVILI, Esq.
                                                 Attorney for Plaintiff
                                                 JAMES ALGER

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES